IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYNA P., by and through her Parents, ) <br> JESSIE P. and RONALD P., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAMPUS COMMUNITY SCHOOL, ) <br> ) <br> Defendant. ) | Civ. No. 16-063-SLR |
| M.P., by and through his Parents, ) <br> JESSIE P. and RONALD P., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAMPUS COMMUNITY SCHOOL, ) <br> ) <br> Defendant. ) | Civ. No. 16-151-SLR |

**MEMORANDUM**

At Wilmington this 6th day of January, 2017, having reviewed the pending motions and the papers filed in connection therewith, the court issues its decision for the reasons that follow:

1. **Introduction.** Plaintiffs Rayna P. and M.P., by and through their parents, Jessie P. and Ronald P. (collectively, "plaintiffs"), brought the above captioned actions against defendant Campus Community School ("defendant"), a public charter school, pursuant to: the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400

et seq.; section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; and 14 Del. Admin. C. § 922 et seq. (D.I. 1) The actions are in the nature of an appeal from various aspects of the decisions of the presiding Delaware Special Education Due Process Hearing Panels ("the Panel"), following evidentiary Due Process hearings. The Panels found in their post-hearing decisions that defendant violated various of its statutory duties to plaintiffs. The pending motions request supplementation of the administrative records.

2. **Standard of review.** The IDEA provides that, in any action brought pursuant to § 1415(e)(2), the district court "shall hear additional evidence at the request of a party" and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." "[T]he question of what additional evidence to admit in an IDEA judicial review proceeding, as well as the question of weight due to the administrative findings of fact, should be left to the discretion of the trial court." *Susan N. v. Wilson School Dist.*, 70 F.3d 751, 760 (3d Cir. 1995). In this regard, the trial court's focus should be on allowing evidence that is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." *Id.* Factors the trial court may consider are: "(1) whether a procedural bar prevented the introduction of the evidence at the administrative hearing; (2) whether the party seeking an admission of the evidence deliberately withheld it at the hearing for strategic reasons; (3) whether the introduction of the additional evidence at the district court level would be prejudicial to the opposing party; and (4) the impact of the admission of the evidence on the administration of justice, that is, whether the party

2

seeks to introduce not just new evidence but a new theory unrelated to the legal theory presented at the due process hearing." *K.D. v. Downington Area Sch. Dist.*, 2016 WL 4502349, at *1 (E.D. Pa. Aug. 29, 2016).

3. **Defendant's motions in Civ. No. 16-063 (D.I. 16) and Civ. No. 16-151 (D.I. 17).** Defendant, in both of the above captioned cases, moved to dismiss plaintiffs' complaints based on the relevant statute of limitations. The respective Panels denied both requests.[1] Defendant now moves to "consider further evidence" on the topic, which evidence it intends to pursue through discovery. In other words, defendant is not moving to supplement the record with evidence it has in hand; defendant is seeking an opportunity to acquire relevant evidence through discovery that it was not allowed to take at the administrative level.

4. As noted by plaintiffs, however, defendant has neither appealed from the adverse decisions of the respective Panels on its statute of limitations defense, nor has it filed timely counterclaims in connection with such rulings. The court concludes, therefore, that any discovery related to the applicable statute of limitations is not relevant to the issues before the court.

5. **Plaintiffs' motion in Civ. No. 16-151 (D.I. 18).** The subject of plaintiffs' motion to supplement in Civ. No. 16-151[2] is related to the monetary value that should

---

[1] *See* Civ. No. 16-063, Admin. record, ex. 2 at 30-31; Civ. No. 16-151, Admin. record, ex. 2 at 2 n.1.

[2] The additional evidence being the "verifications" of Jennifer Fletcher Tracy, Lindsay LaRiviere, and Beth Evans. (Civ. No. 16-151, D.I. 18, appendix)

3

be placed on the compensatory education provided to plaintiff M.P.. Having reviewed the transcript of the hearing before the Panel, it is evident to the court that the above subject matter generally is addressed at such hearings. In this instance, however, plaintiffs' counsel was under the impression that "the issue of relief" would be addressed in a separate hearing and, therefore, neither party affirmatively presented relevant evidence.[3] The record, therefore, is consistent with plaintiffs' position, that is, the compensation rate reached by the Panel was based on insufficient evidence that did not necessarily reflect the real world. Under these circumstances, the court will allow plaintiffs to supplement the record.

6. The court recognizes, of course, that defendant has not had the chance to vet this evidence, or to present contrary evidence. Therefore, defendant may depose each of the new "witnesses" (each deposition not to exceed three hours), and may present up to three opposing declarations (no longer than one-page in length), with plaintiffs having the same opportunity to depose defendant's declarants.

7. **Conclusion.** For the reasons stated, defendants' motions (Civ. No. 16-063, D.I. 16; Civ. No. 16-151, D.I. 17) are denied, and plaintiffs' motion (Civ. No. 16-151, D.I. 18) is granted. An appropriate order shall issue.

United States District Judge

---

[3]See Civ. No. 16-151, Admin. record, ex. 5 at 653-661, with the Chair of the Panel conducting a limited examination.

4